# CIRCUIT COURT OF ROANOKE COUNTY

James Robert Gordon,
t/a Smokey's Restaurant

    v.

Virginia Alcoholic Beverage
Control Board et al.

December 1, 2010

Case No. CL10-701

By Judge Robert P. Doherty, Jr.

This matter went to a hearing officer, then to the full Alcoholic Beverage Control Commission, and is now on appeal to this Court. The owner of Smokey's Restaurant objects to the decision suspending his license to sell beer. This action was taken by the Board upon finding that an employee of Smokey's sold two bottles of beer to a seventeen-year-old in violation of §§ 4.1-304 and 4.1-225(1)(c), Code of Virginia (1950), as amended, and in violation of 3 VAC 5-50-10. They also found that he kept wine on the licensed premises, taxed distilled spirits, and untaxed moonshine, all of which he was not authorized to sell or possess on premises with his beer sales only license. They found these facts violated §§ 4.1-324(A)(7) and 4.1-225(1)(c), Code of Virginia (1950), as amended. Finally, the Licensee was found to have failed to keep complete, accurate, and separate records of his beer sales on the premises as required by §§ 4.1-204 and 4.1-225(1)(c) Code of Virginia (1950), as amended, and by 3 VAC 5-70-90. Smokey's argues that the Board erred in finding the evidence sufficient to make it liable for the above allegations.

In support of its argument Smokey's asserts that the beer sales to the minor was simply a mistake by the bartender on the age of a customer, no sale was completed because money was not exchanged, and the minor never took possession of the beer. In support of its argument as to the on premises possession of the unlicensed wine, taxed alcohol, and untaxed moonshine, Smokey's contends that the on premises possession of items alleged to have violated the scope of its ABC license, meaning the wine, taxed alcohol, and untaxed moonshine, were not kept on the licensed premises but in a locked storage room separate from its business that was used only for personal storage. Smokey's further argues that the special agents of the ABC board exceeded their authority by demanding and gaining access to the storage room without a search warrant or without permission. Finally, Smokey's argues that because the owner's wife, who was the bookkeeper, testified that respondent kept the appropriate records on site, the board and the hearing officer erred in finding sufficient evidence that respondent failed to keep complete, accurate, and separate records of his beer sales on the licensed premises.

### Standard of Review and Analysis

On an appeal of an agency decision to the Circuit Court, the burden is on the complaining party to "designate and demonstrate an error of law subject to review by the court." § 2.2-4027, Code of Virginia (1950), as amended. The Court is required to give deference to an agency decision based on the proper application of its expert discretion. See *Fralin v. Kozlowski*, 18 Va. App. 697, 701 (1994). Additionally, the Court gives deference to the findings of the hearing officer and of the Board, as both had the opportunity to observe the witnesses first hand and determine the credibility and appropriate weight to give to the testimony of each witness and to each item of evidence.

The errors assigned by the Petitioner in this case deal with whether the agency had sufficient evidence to support its findings of fact and whether it properly applied the law. See *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988). Where there has been a formal agency hearing pursuant to the Virginia Administrative Process Act, as here, the determination of factual issues is to be made "upon the whole evidential record provided by the agency." *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269 (1983). The findings must be supported by substantial evidence in the record. The phrase "substantial evidence" is a term of art and refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Agency findings of fact may be rejected only if, after considering the record as a whole in the light most favorable to the agency, the reviewing court determines that a reasonable mind would necessarily come to a different conclusion. *Id.*

What all of this means is that if it is possible for two different triers of fact to hear the same evidence but reach different conclusions based upon which witnesses they believe and the weight they give to certain items of evidence, then this Court is not allowed to second guess those findings of fact on appeal. "When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." § 2.2-2027, Code of Virginia (1950), as amended. The Court finds that there was "substantial evidence" on the record for the Board to make the decisions that they did and that they properly applied the law. In reaching this conclusion, the Court took into consideration not just the individual items of evidence or snippets of testimony emphasized by the individual parties, but the totality of the circumstances included in the entire record.

Substantial evidence supported the findings appealed by Licensee, including but not limited to (1) that Licensee sold alcoholic beverages to a minor; (2) that Licensee kept on its premises alcoholic beverages that he was not authorized to sell or posses on the premises including wine, taxed distilled spirits, and untaxed moonshine; (3) that the licensee had expanded the business premises to include the storage room; (4) that the search of the storage room was consensual; and (5) that the licensee failed to keep complete, accurate, and separate records of beer sales on the premises. All of these findings are affirmed. The Board's actions suspending Smokey's ABC license is also affirmed.